**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TYLER J. CARROW,

                         Plaintiff,

    v.                                                            8:17-cv-91
                                                                      (TJM/DJS)

THE STATE UNIVERSITY OF NEW YORK
AT POTSDAM, WALTER J. CONLEY, TOBY
J. WHITE, STEVEN J. MARQUSEE, and
ALAN L. HERSKER,

                         Defendants.

---

**Thomas J. McAvoy, Sr. U.S.D.J.**

## DECISION & ORDER

Before the Court is Defendants' motion for summary judgment. See dkt. # 48. Plaintiff has not filed any opposition. For the reasons explained below, the Court will grant the Defendants' motion.

**I.     BACKGROUND**

Plaintiff initiated this action, *pro se*, in the Supreme Court of Saint Lawrence County, New York on August 15, 2016. See dkt. # 1-1. Plaintiff's Complaint alleged Defendants had violated his rights while he was a student at the State University of New York in Potsdam ("SUNY Potsdam"). Id. Plaintiff alleged a variety of state-law tort and contracts claims. Id. He also alleged that Defendants SUNY Potsdam and Walter J. Conley had violated his rights under Section 504 of the Rehabilitation Act of 1973 by

1

discriminating against him on the basis of his disability by failing to accommodate a medical condition.  Id.  Citing this federal question, Defendants removed the case to this Court on January 25, 2017.  See dkt. # 1.  They answered the Complaint on February 21, 2017.  See dkt. # 5.  Defendants eventually filed a motion to dismiss all of Plaintiff's state-law claims, citing sovereign immunity.  See dkt. # 39.  The Court granted this motion on March 22, 2018.  See dkt. # 47.  As a result of the Court's decision, only Plaintiff's Rehabilitation Act claim remains.

On May 3, 2018, Defendants filed a motion for summary judgment on that remaining claim.  See dkt. # 48.  Plaintiff did not respond to that motion.  In filing their initial motion, Defendants neglected to file the statement of material facts about which no dispute existed as the local rules requires.  The Court granted the Defendants' letter motion for leave to file such a statement.  See dkt. # 52.  Defendants served that motion on the Plaintiff and he did not respond.  See dkt. # 51.  He also failed to file any opposition to the motion for summary judgment.  The summary judgment motion is now ripe for decision.

## II.    LEGAL STANDARD

Defendants seek summary judgment on Plaintiff's remaining claim.  It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a).  An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby,

477 U.S. 242, 248 (1986).

A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

Plaintiff has failed to respond to Defendants' motion. In the summary judgment context, "the failure to respond to the motion does not alone discharge the burdens imposed on a moving party." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 246 (2d Cir. 2004). The moving party must show both "the absence of a genuine issue of material fact" and "'that he is entitled to judgment as a matter of law.'" Id. (quoting FED. R. CIV. P. 56(c)). The Court accepts properly supported material facts as true but "the moving party must still establish that the undisputed facts entitle him to 'a judgment as a matter of law[.]" Id. Thus a court "considering a motion for summary judgment must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" Id. (quoting Custer

3

v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)).

**III.  ANALYSIS**

    **A.  Facts**

Defendants have submitted the statement of material facts required by Local Rule 7.1(3). Under that Rule, "[a]ny motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue." L.R. 7.1(3). A party opposing the motion must file a response that admits or denies the facts stated in each numbered paragraph, citing the record for any disputed facts. Id. The rules remind litigants that "[t]he Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." Id. (emphasis in original). Plaintiff did not submit any opposition to either the motion or the statement of facts, and the Court will therefore deem admitted all facts which Defendants have properly supported with references to the record.

The facts of record reveal that Plaintiff was a SUNY Potsdam student in March 2015. Defendants' Statement of Material Facts ("Defendants' Statement"), dkt. # 50-1, at ¶ 1. Plaintiff and SUNY Potsdam executed an "Internship Learning Agreement Form" on April 26, 2015. Id. SUNY Potsdam Internship Coordinator Toby White approved Plaintiff's internship at the Claxton-Hepburn Medical Center Emergency Department on May 4, 2015. Id. at ¶ 3. That internship was scheduled to take place between May 27, 2015 and August 11, 2015. Id. at ¶ 4. On July 29, 2015, Claxton-Hepburn's Medical Center dismissed Plaintiff from his internshp. Id. at ¶ 5. Lou-Ann McNally, Claxton-Hepburn's

4

Director of Human Resources, informed Plaintiff that he had failed to comply with Claxton-Hepburn's procedures.  Id. at ¶ 6.

Plaintiff submitted a Journal of his internship experience and orally reported on his internship to SUNY Potsdam Professor and Defendant Walter J. Conley on August 6, 2015.  Id. at ¶ 7.  Conley informed Plaintiff that this submission did not meet expectations or suffice for a grade.  Id. at ¶ 8.  On August 13, 2015, Plaintiff and Conley agreed on a topic for a research paper that Plaintiff would write.  Id. at ¶ 8.  That paper was to be "related to the internship."  Id.  Plaintiff submitted this paper on December 15, 2015.  Id. at ¶ 10.  Conley assigned Plaintiff an "S" grade, rather than on a numerical scale.  Id. at ¶ 11.

SUNY Potsdam has a formal written policy and procedure for students who seek accommodations for a medical condition.  Id. at ¶ 12.  Plaintiff's mother had submitted medical information to SUNY Potsdam on her son's behalf in 2012.  Id. at ¶ 13.  That documentation allowed him to withdraw from a course for medical reasons without penalty.  Id.  Plaintiff never discussed any need for an accommodation for his medical condition related to his internship with SUNY Potsdam Internship Coordinator Toby White in 2015.  Id. at ¶ 15.  Plaintiff did not request any accommodation for his disability from SUNY Potsdam until 2016, after he had exhausted any academic appeals over the internship grade.  Id. at ¶ 16.

### B. The Rehabilitation Act

Section 504 of the Rehabilitation Act ("RA") provides that "[n]o otherwise qualified individual with a disability in the United States, as defined [by federal law], shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving" federal

assistance. 29 U.S.C. § 794(a). "To establish a prima facie case of discrimination under" this statute, "a plaintiff must show the following: (1) plaintiff is a 'qualified individual with a disability;' (2) plaintiff was 'excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by [the] public entity;" and (3) 'such exclusion or discrimination was due to [plaintiff's] disability." B.C. v. Mount Vernon Sch. Dist., 837 F.3d 152, 158 (2d Cir. 2016) (quoting Fulton v. Goord, 591 F.3d 37, 43 (2dCir. 2009)). Discrimination under the statute "may take the form of disparate treatment, disparate impact, or failure to make a reasonable accommodation." Id.

**C. Analysis**

Plaintiff's claim here is that Defendants failed to accommodate his disability in the internship program.[1] Plaintiff has failed to produce any evidence to support that claim. "Under the Rehabilitation Act 'an otherwise qualified handicapped individual must be provided with meaningful access to the benefit the grantee offers . . . [T]o assure

---

[1]Plaintiff's Complaint alleges that:

111. Plaintiff, Carrow, openly suffers from active Crohn's Disease. Plaintiff, Carrow, openly expressed his struggles with Crohn's Disease to Defendant, Walter J. Conley, in an e-mail dating back to November 13th, 2014. Plaintiff, Carrow, also openly has documentation of his protected disability on file at the State University of New York at Potsdam ranging back from the year 2012, until 2016.
112. Plaintiff, Carrow, openly states that both parties knowingly knew of his protected disability and did not respect his health and wellness, emotionally and physically, during the extended dealings of his internship.
113. Defendants' acted in disregard to their own policies at the State University of New York at Potsdam, as well with the State University of New York University Faculty Senate Policies on Internships. Within these forms it is openly stated that protected disabled individuals cannot be discriminated against.

Complaint, dtk. # 1-1, at ¶ 111-113.

6

meaningful access, reasonable accommodations in the grantee's program or benefit may have to be made.'"[2] Dean v. Univ. at Buffalo Sch. of Med. & Biodmedical Scis., 804 F.3d 178, 186 (2d Cir. 2015) (quoting Alexander v. Choate, 469 U.S. 287, 301 (1985)). To make out a prima facie case for failure to accommodate against an educational institution, a plaintiff must show "'that [he] is a qualified individual with a disability; (2) that the defendants are subject to [the RA]; and (3) that [he] was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of [his] disability.'" Id. at 187 (quoting Powel v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 85 (2d Cir. 2004) (internal citations omitted)). "In the education context, the . . . Rehabilitation Act require[s] a covered institution to offer reasonable accommodations for a student's *known* disability unless the accommodation would impose an undue hardship on the operation of its program, or fundamentally alter the nature of the service, program, or activity.'" Id. at 186-87 (quoting Powell, 364 F.3d at 88) (emphasis added). "In general . . . it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." Rodal v. Anesthesia Group of Onondaga, P.C., 369 F.3d 113, 120 (2d Cir. 2004) (quoting 29 C.F.R. pt. 1630 app. § 1630.9).

---

[2]Defendants also argue that Plaintiff's claim must fail because no evidence indicates that any discrimination that occurred was a result of intentional conduct or deliberate indifference. Defendant could not recover monetary damages under the RA unless he could show "an intentional violation." Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 275 (2d Cir. 2009). Such a showing "does not require personal animosity or ill will" but instead a showing of "deliberate indifference" on a defendant's part. Id. The standard of proof necessary to obtain monetary damages matters only if Plaintiff has evidence to support his *prima facie* case. Here, Plaintiff lacks sufficient evidence to support a *prima facie* case. Whether he could obtain monetary damages is immaterial.

The evidence relayed above indicates that Plaintiff never requested any accommodation for his disability when he took part in the internship program. Thus, even assuming that Plaintiff has sufficient evidence to establish that he suffered from a disability at the relevant time, Plaintiff could not make out the rest of his *prima facie* case on an accommodation claim. Defendants cannot be liable for failing to provide an accommodation that the Plaintiff never requested. On that basis, the Defendants' motion will be granted.

## IV. CONCLUSION

For the reasons stated above, the Court will GRANT the Defendants' motion for summary judgment, dkt. # 48. The Clerk of Court is directed to CLOSE the case.

**IT IS SO ORDERED**


Dated: November 20, 2018


*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge